UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**JERMAINE JOHNSON,**

    **Plaintiff,**

v.

**G4S SECURE SOLUTIONS (USA) INC.,**
**A Florida Profit Corporation,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff, JERMAINE JOHNSON ("Mr. Johnson" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**JURISDICTION**

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

**PARTIES**

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Mimi-Dade County, Florida.

4. Plaintiff worked for Defendant in Miami-Dade County, Florida, and the venue, therefore, for this case is the Miami Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Mr. Johnson worked as a Nuclear Security Officer for Defendant from February 1, 2011, until his termination on December 17, 2018.

8. In all respects, Mr. Johnson was an excellent employee with no significant history of performance, attendance, or disciplinary issues.

9. Mr. Johnson worked without issue, until he suffered an unfortunate injury in the workplace.

10. Specifically, on October 5, 2017, Mr. Johnson injured his right leg during a company-wide training event.

11. This injury was extremely debilitating and caused him severe pain and swelling.

12. Accordingly, on October 8, 2017, Mr. Johnson admitted himself to the hospital for evaluation.

13. Upon examination, podiatrist, Dr. Francis Wodie ("Dr. Wodie"), diagnosed Mr. Johnson with a right lower extremity injury, requiring surgery.

14. Immediately upon learning of this diagnosis, Mr. Johnson advised Project Manager, James Casey Scott ("Mr. Scott"), of same, including his need to schedule time off for surgery on October 17, 2017.

15. As such, Mr. Scott requested that Mr. Johnson fill out an incident report the following day.

16. Upon arrival for work on October 9, 2017, Mr. Johnson filled out an incident report as requested, along with Supervisor, Lt. Clarke, who witnessed the workplace injury.

17. During this time, Mr. Scott informed Mr. Johnson that he would not permit him to seek workers' compensation benefits because Mr. Johnson reported his injury four (4) days too late.

18. However, under Florida law, an employee is required to report a work-related accident no later than thirty (30) days from the date the accident occurred; this directive to the contrary is illegal and retaliatory.

19. On October 17, 2017, the day of his surgery, Mr. Johnson learned that he was not being covered under Defendant's worker's compensation policy.

20. Thankfully, Dr. Wodie nevertheless agreed to proceed with his scheduled surgery.

21. Upon completion of his surgery, Dr. Wodie instructed Mr. Johnson that he could not return to work for another four (4) to six (6) weeks; Mr. Johnson notified Mr. Scott of same and requested FMLA protection for his time off.

22. Instead of notifying Mr. Johnson of his FMLA rights and providing him with the appropriate notification of his rights or FMLA certifications, Mr. Scott incessantly harassed Mr. Johnson to return to work early and disobey Dr. Wodie's orders for medical leave.

23. Defendant's failure to notify Mr. Johnson of his FMLA rights, and entitlement to apply for same, as well as pressuring him to return earlier than as directed by his medical team, constitutes actionable interference under the FMLA. *See Patterson v. Browning's Pharm. & Healthcare, Inc.,* 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

24. In fear of losing his job if he didn't return earlier, Mr. Johnson, against his will convinced Dr. Wodie to allow him to return to work earlier than prescribed, but on light duty orders.

25. By returning early because he would lose his job, predictably Mr. Johnson exacerbated his injury.

26. Further, in response to his continued request for workers' compensation benefits, Mr. Scott egregiously tried to dissuade Mr. Johnson from making a claim for workers' compensation benefits by promising him that he would reimburse all his medical bills, which amounts to another violation of the law. *See* Fla. Stat. §440.205.

27. Unfortunately, in April 2018, Dr. Wodie informed Mr. Johnson that he had to undergo another surgery on May 30, 2018, for his injuries.

28. As a dedicated and responsible employee, Mr. Johnson immediately notified Mr. Scott of same and of his need for FMLA time off from work; again, no FMLA paperwork or notification of rights was provided by Defendant.

29. Rather, Mr. Scott incessantly harassed and berated Mr. Johnson up until the day before his scheduled surgery, which had ultimately been rescheduled for June 13, 2018.

30. Around that time, Mr. Scott claimed that he called Dr. Wodie's office directly and requested Mr. Johnson's medical information to confirm his surgery.

31. Upon the conclusion of Mr. Scott's alleged conversation with Dr. Wodie, Mr. Scott accused Mr. Johnson of lying to him about his scheduled surgery and need for medical leave.

32. However, and most disturbingly, neither Dr. Wodie (nor anyone in his office for that matter) ever spoke to anyone from Defendant's office regarding Mr. Johnson's medical condition/surgery as claimed.

33. Accordingly, Mr. Johnson commenced his surgery (without ever being offered FMLA leave) and returned to light duty work on July 13, 2018.

34. Shockingly, upon his return to work, Mr. Scott placed Mr. Johnson on unpaid administrative leave, based on his claim that Mr. Johnson fabricated his need for surgery and resulting leave time that should have been FMLA protected.

35. Defendant kept Mr. Johnson on unpaid leave through December 17, 2018.

36. Not surprisingly, Defendant terminated Mr. Johnson on December 17, 2018.

37. Such a retaliatory/unlawful termination is exactly the kind of adverse employment that the anti-interference and retaliation provisions of the FMLA were intended to prevent.

38. Based on the foregoing, Plaintiff was not returned to the same, or substantially similar/equivalent position upon what would have been his return from FMLA leave.

39. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

40. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against him for utilizing what should have been proper and authorized FMLA leave.

41.     Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for his use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

42.     The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal connection between what should have been his protected FMLA leave and these illegal actions taken by Defendant against him.

43.     Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

44.     Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for his use of FMLA protected leave.

45.     Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

46.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45, above.

47.      At all times relevant hereto, Plaintiff was protected by the FMLA.

48.     At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

49.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

50. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

51. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45, above.

53. At all times relevant hereto, Plaintiff was protected by the FMLA.

54. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of what should have been, FMLA protected leave.

55. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

56. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

57. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

58. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 3rd day of October 2019.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esquire
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: noah@floridaovertimelawyer.com